TIP TOP ROOFERS, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 20145.

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1963.

Ray C. Muller, Fisher & Phillips, Atlanta, Ga., for petitioner.

Edwin Pearce, John S. Patton, Poole, Pearce & Hall, Atlanta, Ga., for International Union of Operating Engineers Local No. 926.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Seymour Strongin, Atty., N. L. R. B., Stuart Rothman, Gen. Counsel, Elliott Moore, Atty., N. L. R. B., Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

TUTTLE, Chief Judge.

This is a petition to review an order of the National Labor Relations Board dismissing a complaint against Local 926 Operating Engineers, AFL-CIO. The complaint charged a violation by the Union of Section 8(b)(4)(D), of the Act.[1] The Board ordered a hearing to be held under Section 10(k).[2]

This dispute arose out of work which was carried on by Tip Top as a subcontractor on a construction project at Emory University Food Center in 1959. The dispute related to the claim of the local union that its members should be used for the operation of a "laddervator" for the purpose of hauling gravel from the ground level to the roof for application. Upon the refusal of Tip Top to cooperate, a picket line was thrown up and for a short time there was a work stoppage.

Tip Top permitted an operating engineer, a member of the local, to run the machine and the picket line was withdrawn. Nevertheless Tip Top filed with the Board a complaint, which came on for hearing long after the work was completed.

During the hearing the Board failed to determine who should do the work, but decided only that the union was not entitled to picket to force reassignment of the work. The union filed a petition to review in the United States Court of Appeals for the District of Columbia. Circuit. Pending the appeal the Supreme Court decided N.L.R.B. v. Radio & T.V. Broadcast Engineers Union, 364 U.S. 573, 81 S.Ct. 330, 5 L.Ed.2d 302 (C.B.S. case). That decision held that the Board must make an affirmative award of the work under the language of Section 10(k) directing it "to determine the dispute." When this case was remanded to the Labor Board, it dismissed the complaint on the ground that no affirmative order issued by the Board could have any effect on the parties to the original controversy since the work had long since been completed.[3] It, therefore, dismissed the complaint. Although Tip Top requests that this Court pass on the merits of the controversy or direct the Board to do so, we think such a course would be productive of no benefits to the parties involved, and conclude that the Board correctly dismissed the petition.

The petition is denied.

1. This section provides in relevant part that it is an unfair labor practice for any union or agent to encourage employees to engage in a concerted refusal to perform services where an object is—
"(D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization * * *." [with certain provisos not applicable here].

2. Section 10(k) provides for a hearing in cases where an unfair labor practice within the scope of paragraph (D) above is involved and that the Board shall determine the dispute. Once the parties

agree to comply with the Board's decision, the charge is to be dismissed.

3. The Board said:
"In view of the fact that the job involving the work assignment in question has been completed, and as the 10(k) hearing was held and the record was made prior to the CBS decision and relates to events occurring almost 3 years ago, the Board is of the opinion that the true underlying objectives of Section 10 (k) would not be furthered by attempting now to hear and determine adequately this dispute. Accordingly, the Board has decided to quash the notice of 10(k) hearing and dismiss the complaint herein. See Ray Fabricating and Manufacturing Company, 136 NLRB No. 95."